<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ANTHONY FEIST,<br><br>   Petitioner,<br><br>  v.<br><br>J.T. SHARTLE,<br><br>   Respondent. | Civil Action No. 12-3572 (NLH)<br><br><br>**OPINION** |

**APPEARANCES**:

**DAVID ANTHONY FEIST,** Petitioner *Pro se*
#00452-124
United States Penitentiary
P.O. Box 1000
Lewisburg, P.A. 17837

**PAUL A. BLAINE**, Counsel for Respondent
Office of the United States Attorney
Camden Federal Bldg. & U.S. Courthouse
401 Market Street
4th Floor
Camden, N.J. 08101

**HILLMAN, District Judge**:

  Petitioner David Anthony Feist ("Petitioner") filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Respondent J.T. Shartle ("Respondent") filed an answer to the petition.  (ECF No. 6.)  Thereafter, Petitioner filed a reply.  (ECF No. 9.)  For the following reasons, the petition will be denied.

## I. BACKGROUND

On September 20, 1976, in the United States District Court for the District of North Dakota, Petitioner was sentenced to life imprisonment for murder during a bank robbery and kidnapping. (Resp't's Br., Ex. 1, Sentence Monitoring Computation Data.) On July 11, 1976, Petitioner and his co-defendants forced their way into the home of a bank manager, kidnapped the manager and his wife, and forced them to drive to the bank. (Resp't's Br., Ex. 8; Pet., Ex. 4, 9.) Petitioner and his co-defendants stole $4500, then took the manager and his wife to a gravel pit outside of town and murdered them. (*Id.*) Petitioner fired the shots which killed the couple. (*Id.*) On March 13, 1978, Petitioner was sentenced in the United States District Court for the Western District of Wisconsin to serve a three year consecutive custodial term for attempted escape. (Resp't's Br., Ex. 1.) He attempted to escape from FCI Oxford on July 27, 1977 by using a rope with a grappling hook on a perimeter fence. (Pet., Ex. 4, 9; Resp't's Br., Ex. 8.) He succeeded in getting the rope over the fence and was trying to climb the fence when a guard fired shots at him, at which point he ceased his escape attempt. (*Id.*)

Petitioner received his initial parole hearing on February 13, 1992. The United States Parole Commission ("Commission") denied parole and ordered that Petitioner serve to the expiration of his sentence. (Resp't's Br., Exs. 2, 3.) Thereafter, the Commission conducted statutory interim hearings in 2003, 2005 and 2007, and after each hearing ordered no change in the prior order that he serve his entire sentence. This was due to the severity of his offenses. (*Id.* at Exs. 4-6.) On July 14, 2008, the Commission ordered that Petitioner be scheduled for a mandatory parole hearing, which was conducted on August 19, 2008. (*Id.* at Exs. 7-8.) Mandatory parole was denied on September 19, 2008 and Petitioner was ordered to serve until the

expiration of his sentence.  (*Id.* at Ex. 9.)  In the Notice of Action, the Commission stated that the decision was based on the fact that during the course of his incarceration, Petitioner had committed 12 drug related infractions.  (*Id.*)  At the time of his murder offenses, Petitioner had been a regular abuser of alcohol and drugs, and had stated he would not have killed his victims had he not been drunk.  (*Id.*)  Petitioner continued using drugs while in prison and as such, the Commission concluded there was a reasonable probability he would again abuse drugs or alcohol if released to the community, and his abuse of those substances could cause him to commit violent crimes.  (*Id.*)  The National Appeals Board affirmed the decision on appeal.  (*Id.* at Ex. 10.)

Petitioner received a statutory interim hearing on January 20, 2011.  (*Id.* at Ex. 11.)  At the hearing, it was noted that Petitioner had committed another prison disciplinary violation when he used opiates.  (*Id.*)  On April 28, 2011, based on the hearing, the Commission ordered no change to their prior orders that Petitioner should serve until the expiration of his sentence.  (*Id.* at Ex. 12.)  In a Notice of Action dated July 23, 2011, the Commission vacated that decision and remanded Petitioner's case for a new mandatory parole hearing.  (*Id.* at Ex. 13.)  A second mandatory parole hearing was held on August 24, 2011.  (*Id.* at Ex. 14.)  The Commission denied mandatory parole and ordered that Petitioner serve to the expiration of his sentence.  (*Id.* at Exs. 14-15.)  The Commission again found that:

> There is a likelihood that you will engage in conduct violating criminal laws; specifically, you have a history of drug addiction and illegal drug usage which directly relates to your prior criminal history and instant offense. You were discharged early from the Army for engaging in criminal activity to include heroin usage and drug addiction. Your instant offense involved the usage of drugs and alcohol when you committed the two brutal murders and you continued to use drugs while incarcerated up until 2009.
>
> You have frequently and seriously violated the rules of the institution in which you were confined because you attempted to escape in 1977 in which shots were fired.

3

> You were apprehended, prosecuted and received a 3 year consecutive sentence. Additionally, you have received 10 DHO level infractions for drug usage.

(*Id.* at Ex. 15.)   Petitioner did not appeal that decision.

In his petition, Petitioner argues that the denial of mandatory parole was a violation of his due process rights because the Commission relied upon the same grounds as it had previously relied upon when denying him discretionary parole.   Further, Petitioner argues that his Eighth Amendment rights were violated because he was given a "reasonable expectation" of relief. Respondents argue that both claims are meritless and the petition should be denied.

## II.   DISCUSSION

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3).   That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A federal court's role in reviewing decisions by the Parole Commission is limited. The appropriate standard of review of the Commission's findings of fact "is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons."   *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976); *Clark v. Hufford*, 2012 WL 5489048, at * 2 (3d Cir. Nov. 13, 2012).   This Court should review, however, whether the Commission "has followed criteria appropriate, rational and consistent" with its enabling statutes so that its "decision is not arbitrary and capricious, nor based on impermissible considerations."   *Furnari v. Warden, Allenwood Federal Correctional Institution*, 218 F.3d 250, 254 (3d Cir. 2000) (citations omitted).   To this end, "the Commission

may not base its judgment as to parole on an inaccurate factual predicate." *Campbell v. United States Parole Comm'n*, 704 F.2d 106, 109 (3d Cir. 1983) (citations omitted).

Contrary to Petitioner's assertions and as is evidenced by the excerpt above, the Commission based its decision to deny Petitioner mandatory parole on the specific criteria required by 18 U.S.C. § 4206(d): that he has seriously and frequently violated the institution rules and regulations and that there is a reasonable probability that he will commit a federal, state or local crime.[1] Petitioner has provided no support for his contention that the Commission was not permitted to rely on his previous prison infractions to deny him mandatory parole. In fact, the language of the statute specifically states that the violation of institutional rules is one of the criteria to be used. *See* 18 U.S.C. § 4206(d); *Johnson v. U.S. Parole Com'n*, 419 F. App'x 438, 439 (5th Cir. March 18, 2011) ("[A] prisoner's frequent or serious violations of institutional rules is one of the listed bases for denying parole…[Petitioner] has cited no authority to support the USPC's not being allowed to rely on past infractions"). The Court finds that there was a rational basis in the record for the Parole Commission's decision and habeas relief will be denied on this ground.

Petitioner second ground for relief is similarly without merit. Based on a review of the Parole Commission's decisions and notices of action, it is clear that Petitioner was never informed that he would be paroled. Petitioner may have mistakenly perceived the references to "special

---

[1] The full text of 18 U.S.C. § 4206(d) states that "[a]ny prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: Provided, however, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime."

drug and alcohol aftercare" to imply that he would be paroled; however, the Parole Commission has never concluded anything other than Petitioner must continue to the expiration of his sentence.

## III.  CONCLUSION

For the reasons stated above, the Petition will be denied.   An appropriate order follows.


Dated: June 17, 2013

At Camden.
　　　　　　　　　　　　　　　　　　　　s/ Noel L. Hillman
　　　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　　　United States District Judge